[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a claim for damages arising out of a motor vehicle accident on June 3, 1988 on I-91 in the city of Hartford. After trial with both parties represented by counsel, the Court makes findings and awards damages as follow:
On June 3, 1988 at approximately 7:30 A.M., the plaintiff was operating a 2 door 1985 Mazda automobile on I-91 north in the city of Hartford at a point south of what at that time was an exit ramp leading from I-91N to I-86E, or Exit 30. At that time a tractor with dual trailers was being operated by the defendant also northbound on I-91 and in the travel lane to the left or west of the plaintiff's vehicle. The defendant had his right turn signal on and was preparing to make a lane change to his right. He failed to see the plaintiff's vehicle to his right and in changing lanes the right front tire of his tractor struck the left rear section of the Mazda in a sideswipe type of collision. The impact caused the Mazda to spin across the highway in front of the defendant's truck eventually coming to rest facing south in one of the north bound travel lanes of the highway. Although oncoming traffic was able to avoid any further collision with the plaintiff, she was so unnerved that a motorist had to assist her in getting her car to the extreme right lane of CT Page 1809 the highway. The defendant, after initially stopping in the lane he was traveling, also pulled over to the extreme right. After a state trooper arrived and took statements the plaintiff, who although shaken up, did not appear to have any other injury, drove to her home in Tolland. There was relatively little damage to the car and none to the truck other than a scuffed tire.
The Court does not find any contributory negligence on the part of the plaintiff.
At the time, the plaintiff was 18 years old and home after finishing college for the year.
When her mother came home that evening after work she took Anja to the Rockville Hospital Emergency Room because she was experiencing pain in her back and neck. She was treated with a neck collar and pain medication, and released. On June 10th, she saw her family physician who diagnosed a muscle strain and spasm. At that point the plaintiff sought no further treatment for approximately one year.
In July 1988, she moved to New York and took a job with Dynair Services, Inc. in passenger service. On her job application she indicated she had no physical handicap or disability.
In October 1988, she left Dynair to take a job with KLM Airlines. At KLM she earned approximately $100.00 per week more than at Dynair and also received medical insurance and her job entailed less lifting.
On December 12, 1988 Anja hurt her back at work while handling a suitcase. That was a minor incident treated with Tylenol and some heat therapy. That injury was not in the same area of the back that was affected by the accident in this case and is of no consequence to this decision.
In either May or June of 1989 Anja sought treatment with Dr. Eric Feintuch, a chiropractor in North Woodmere, N.Y. There is a discrepancy between Dr. Feintuch's report, which states that he treated Anja from June 6, 1989 through August 16, 1990, and his bills which commence on May 4, 1989 through June 14, 1989. (Exhibits D and J). The report is consistent with the plaintiff's testimony. CT Page 1810
In November 1990, the plaintiff married and moved to England where she lived until April 1992 when she returned to the United states. While in England she worked as an airline ticket agent and was not treated for her back problem. Her explanation is that in England, chiropractic care is not covered by the British system of socialized medicine.
In June of 1992 she resumed chiropractic care with Dr. Randy Reed in Solon, Ohio where she presently resides. Dr. Reed has diagnosed her as having cervical sprain/strain and lumbosacral sprain/strain. On October 20, 1992, he reported that she was completely asymptomatic, but that her condition could easily be aggravated.
The plaintiff is presently a student at an institute of music and states that she is training for a career in opera, that such training is strenuous causing her back to bother her and requiring regular chiropractic visits to relieve the pain and discomfort.
More recently, she was evaluated by Dr. Robert G. Stoker, a chiropractor in Manchester, Connecticut, who rates her as having 5% permanent partial impairment of the cervical spine and the same degree of impairment to the lumbar spine.
The plaintiff suffered from depression when she was in high school and required inpatient treatment on two occasions between November 1985 and January 1986. Those incidents are not relevant to the issues in this case and, therefore, do not effect the judgment rendered in this case. While the plaintiff is entitled to fair and just compensation for her injuries including mental distress, pain and suffering, and economic loss, she does have a duty to minimize her losses by using reasonable efforts to promote her recovery, and that entails prudently seeking appropriate medical attention.
This accident occurred on June 3, 1988. Aside from the emergency room later that evening and one visit to her family physician, she sought no additional or specialized treatment until approximately one year later. Then again, while in England for some one and one half years, she sought no medical attention.
The plaintiff explained that she had no medical CT Page 1811 insurance before she started working at KLM (but acknowledged that she was covered by the no-fault provisions of her mother's automobile insurance). While she explained that chiropractic treatment was not covered under the British medical system, there was no testimony as to the availability of other medical treatment such as orthopedic which she may have been able to use.
The delays and gaps in obtaining treatment lead the Court to conclude that the plaintiff failed to utilize all reasonable efforts to promote her recovery, and that the nature of the injuries she sustained are not of the magnitude to justify the requested award in the $250,000.00 range.
Accordingly, judgment shall enter for the plaintiff computed as follows:
 Economic damages $ 3,615.17 Noneconomic damages 32,500.00 --------- Total damages $ 36,115.17
 Collateral source deduction (Exhibit 6) — 681.32 --------- Amount of judgment $ 35,433.85
Costs shall be taxed to the defendant upon submission of the plaintiff's bill of costs.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court